**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 17-0808-DOC (JDEx) | Date: June 28, 2017 |

Title: DAVID FRITSCH V. NORTHWESTERN MUTUAL LIFE INS. CO., ET AL.

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):** ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [23]; DENYING AS MOOT MOTION TO DISMISS [24]

Before the Court is Plaintiff David Fritsch's ("Plaintiff" or "Fritsch") Motion to Remand Action to the Superior Court of California, County of Orange ("Motion") (Dkt. 23) and Defendants Motion to Dismiss (Dkt. 24). The Court finds these matters appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the parties' arguments, the Court GRANTS Plaintiff's Motion to Remand and DENIES AS MOOT Defendants' Motion to Dismiss.

**I.    Background**

   **A.    Facts**

The Court adopts the facts as set out in Plaintiff's Complaint, Notice of Removal (Dkt. 1) Ex. 1 ("Compl.").

In July 2003, Plaintiff took out a disability insurance policy ("Policy") with Defendant Northwestern Mutual ("Northwestern Mutual"). *Id.* ¶¶ 1, 14. On July 11, 2003, Plaintiff provided information to his insurance agent, Curtis R. Estes ("Estes"), who filled out a disability insurance application with Northwestern Mutual. *Id.* ¶ 15. Plaintiff was also required to fill out a questionnaire ("Non-Medical Questionnaire") that included a question asking whether, in the last ten years, "'[Plaintiff] had, been told [Plaintiff] had or been treated for . . . [d]isorder of eyes (including double vision), ears, nose mouth, throat or speech?'" *Id.* Plaintiff alleges that Estes answered "no" on Plaintiff's behalf without asking Plaintiff. *Id.*

Seven days later, Northwestern Mutual conducted a medical exam, which included a questionnaire ("Medical Questionnaire"). *Id.* ¶ 16. The medical exam and Medical Questionnaire were completed by an employee of Defendant ExamOne ("ExamOne"), who, without asking Plaintiff, also marked "no" when answering an identical question regarding eye, ear, nose mouth, throat, and speech disorders. *Id.* The ExamOne agent also examined Plaintiff's eyes and found no abnormalities. *Id.* ¶ 17.

At the time that Estes and the ExamOne agent completed the Non-Medical and Medical Questionnaires, Plaintiff had corneal swelling, blurred vision, and was taking over-the-counter eye drops. *Id.* ¶ 7. However, Plaintiff's optometrist had not diagnosed him with any eye disorders, nor was Plaintiff being treated for an eye disorder. *Id.* ¶ 17.

On July 18, 2003, Northwestern Mutual issued the Policy to Plaintiff. *Id.* ¶ 19. Under the Policy, Northwestern Mutual has two years from the date of issuance to rescind the Policy or deny a claim for a disability except when a "fraudulent misstatement" is made by the policyholder. *Id.* ¶ 22. Plaintiff paid premiums on his Policy for over a decade, totaling over $45,000.00. *Id.* ¶ 23.

In 2015, Plaintiff was diagnosed with thyroid cancer, leaving him unable to continue his employment. *Id* ¶ 23. Plaintiff tried to use his disability insurance, but Northwestern Mutual rescinded Plaintiff's Policy after it conducted post-claims underwriting of the Policy. *Id.* ¶¶ 23–24. Northwestern Mutual stated that the decision to rescind was due to Plaintiff's failure to disclose the eye blurriness, corneal swelling, and taking of over-the-counter drugs in 2003. *Id.* However, Plaintiff contends that Northwestern Mutual has not established that it made its decision to rescind Plaintiff's Policy based on a "fraudulent misrepresentation" made by Plaintiff. *Id.*

Plaintiff contends that he has suffered loss of income and assets as a result of Northwestern Mutual's decision to rescind his Policy. *Id.* ¶ 32.

In his Complaint, Plaintiff alleges four causes of action: (1) breach of good faith and fair dealing against Northwestern Mutual; (2) breach of contract against Northwestern Mutual; (3) professional negligence against Estes, ExamOne, and Northwestern Mutual; and (4) breach of fiduciary duty against Estes. *Id.* ¶¶ 35–72.

## II.     Procedural History

On March 22, 2017, Plaintiff filed the instant Complaint in the Superior Court of Orange County. *See* Compl. at 1. On May 2, 2017, Northwestern Mutual removed this case to federal court. Notice of Removal ("Notice") (Dkt. 1).

On June 2, 2017, Plaintiff filed the instant Motion to Remand. Northwestern Mutual opposed on June 19, 2017 ("Opp'n") (Dkt. 29), and Plaintiff replied on June 26, 2017 ("Reply") (Dkt. 30).

## III.    Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." The removing defendant must file a notice of removal in the appropriate United States District Court, together with all process, pleadings, and orders served upon the defendant. 28 U.S.C. § 1446(a). Notice of removal must be filed within thirty days of receiving a copy of the original complaint, or "within 30 days after the service of summons upon the defendant, if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

"[P]ost-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006); *see also Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) ("[A] plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based."). Therefore, "a party that has properly removed a case need not amend its removal notice or file a new notice after an amended complaint changes the ground for federal jurisdiction." *Id.* Once

a defendant has properly removed a case, "the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice." *Id.*

To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheet*, 313 U.S. 100, 108–09 (1941)). If there is any doubt as to the right of removal in the first instance, remand must be ordered. *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

## IV.　Discussion

In his Motion, Plaintiff contends that the instant action is suitable for remand because complete diversity of citizenship under 28 U.S.C. §1332 does not exist as Estes is a citizen of California. Mot. at 5. In its Opposition, Northwestern Mutual argues that Estes's citizenship should not be considered in assessing diversity because he is a "sham" defendant. Opp'n at 1.

A federal court has diversity jurisdiction if (1) the controversy is between "citizens of different States," and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Section 1332(a) requires complete diversity, meaning that no plaintiff can be from the same state as any defendant. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006).

Plaintiff contends that Estes is a citizen of California, and that Plaintiff is also a citizen of California. Mot. at 5. Plaintiff does not argue that the amount in controversy requirement is not met. *See id.* If Plaintiff is correct, there is not complete diversity. Northwestern Mutual, however, argues that Estes was fraudulently joined. Opp'n at 7.

A case ordinarily cannot be removed to the federal court if a plaintiff and a defendant are citizens of the same state. However,

> [r]emoval is proper despite the presence of a non-diverse defendant where that defendant is a fraudulently joined or sham defendant. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned. *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989). The failure to state a claim against the non-diverse defendant must be "obvious according to the

well-settled rules of the state." *United Computer Sys. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002).

*Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158–59 (C.D. Cal. 2009).

There is a "general presumption" that the inclusion of a defendant residing in the same state as the plaintiff is not for the sole purpose of defeating diversity jurisdiction. *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Overcoming this presumption requires defendants to "do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." *Padilla*, 697 F. Supp. 2d at 1159 (citations omitted). "[A] plaintiff need only have one potentially valid claim against a non-diverse defendant to survive a fraudulent joinder challenge." *Rieger v. Wells Fargo Bank, Nat. Ass'n*, No. 3:13-0749-JSC, 2013 WL 1748045, at *3 (N.D. Cal. Apr. 23, 2013) (citation omitted). "[R]emand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency." *Id.*

Northwestern Mutual argues that Plaintiff cannot state a claim against Estes because (1) actions of insurance agents are imputed to their employer, and (2) there is no causal connection between Estes's actions and Northwestern Mutual's decision to rescind Plaintiff's Policy. Opp'n at 1. Accordingly, to assess diversity, the Court must determine whether Plaintiff successfully states a claim against Estes for professional negligence and breach of fiduciary dutym and evaluate the casual connection between Estes's actions and Northwestern Mutual's decsion.

### 1. Imputed Actions

Northwestern Mutual argues that Estes is a sham defendant because Estes's actions are imputed to Northwestern Mutual. Opp'n at 4. In his Complaint, Plaintiff alleges two causes of action against Estes: professional negligence and breach of fiduciary duty.

### a. Professional Negligence

Northwestern Mutual contends that Plaintiff has failed to state a claim against Estes for professional negligence because Estes was not personally liable to Plaintiff. Opp'n at 5. Generally, an insurance agent's negligence is imputed to the insurance company. *Kurtz, Richards, Wilson & Co., Inc. v. Ins. Communicators Mktg. Corp.*, 12 Cal. App. 4th 1249, 1257–58 (1993).

However, an insurance agent may be a dual agent if they "represent both the insurer and the insured in connection with the same transaction." *Arocho v. California Fair Plan Ins. Co.*, 134 Cal. App. 4th 461, 466 (2005). "If a dual agency exists, the law does not foreclose recovery by the insured [against an insurance agent.]" *Kurtz*, 12 Cal. App. 4th at 1258. "Dual agencies are not uncommon, and do not negate the agent's duty to the client." *Kurtz*, 12 Cal. App. 4th at 1257. The "existence of a dual agency [is] a question to be determined by the trier of fact." *Lippert v. Bailey*, 241 Cal. App. 2d 376, 382 (1966). Insurance agents can also be held personally liable when the agent holds himself out as having expertise in a given field of insurance sought by the insured. *Fitzpatrick v. Hayes*, 57 Cal. App. 4th 916, 927 (1997).

In the instant action, Plaintiff alleges that Estes was acting as a dual agent: an agent of Northwestern Mutual and as Plaintiff's personal wealth and financial advisor. Mot. at 7–8. In addition, Plaintiff alleges that Estes held himself out as having expertise in disability insurance. Compl. ¶ 53; Mot. at 8. The Court finds that Plaintiff has plausibly alleged dual agency, and therefore has stated a claim for professional negligence. *See Kruso*, 872 F.2d at 1426.

Because Plaintiff need only plead one valid claim against Estes, the Court need not address the parties' arguments with respect to Plaintiff's cause of action against Estes for breach of fiduciary duty.[1] *See Rieger*, 2013 WL 1748045 at *3.

### 2.    Causation

Northwestern Mutual argues that Estes is also not liable to Plaintiff because Northwestern Mutual did not rely on the Non-Medical Questionnaire when deciding to rescind Plaintiff's Policy. Opp'n at 19. If Northwestern Mutual is correct, Estes is not responsible for Northwestern Mutual's decision for revoke the Policy or for the resulting injury that Plaintiff allegedly suffered.

Plaintiff asserts that he has sufficiently alleged causation between Estes's actions and Northwestern Mutual's decision to rescind Plaintiff's Policy. Mot. at 12–13. Plaintiff argues that Northwestern Mutual would not have rescinded his Policy if Estes had included Plaintiff's minor eye problems on the Non-Medical Questionnaire. Mot. at 13. However, Northwestern Mutual's Declaration states that "Northwestern Mutual relied on the Medical History Questionnaire completed by ExamOne in underwriting the Policy; it

---

[1] Even if Plaintiff failed to sufficiently state a claim against Estes, a state court in California would grant Plaintiff leave to amend. *See McDonald v. Superior Court*, 180 Cal. App. 3d 297, 303–04 (1986). In his Motion, Plaintiff provides several allegations he would seek to add to his Complaint in the Superior Court of Orange County that would bolster his claims. Mot. at 14–15.

did not rely on the Non[-]Medical Questionnaire completed by Estes." Declaration of Cindy Lubbert in Opposition to Plaintiff's Motion to Remand ("Lubbert Decl.") (Dkt. 29-1) at 2.

Northwestern Mutual cites *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (1998) for the proposition that a defendant may present facts showing that joinder is fraudulent. Opp'n at 19. However, "'a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant . . . .'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (citing *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573–74 (5th Cir. 2004)). On a motion to remand, a court must resolve all disputed questions of fact in favor of the non-removing party. *Onelum v. Best Buy Stores L.P.*, 948 F. Supp. 2d 1048, 1051–52 (C.D. Cal. 2013). The parties dispute whether Northwestern Mutual relied on the Non-Medical Questionnaire when deciding to rescind Plaintiff's Policy. *See* Opp'n at 19; Mot. at 13. For the purposes of this Motion, the Court resolved this factual dispute in Plaintiffs favor.

The Court finds that Plaintiff's joinder of Estes is not fraudulent. As a result there is not complete diversity of citizenship. Accordingly, this action must be remanded to state court.

**V.**      **Disposition**

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand. This case is REMANDED to the Superior Court of Orange County.

Defendants' Motion to Dismiss is DENIED AS MOOT.

The Clerk shall serve this minute order on the parties.